**Judith PAPENBURG, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–15911.

D.C. No. CV–01–00102 FCD (GGH).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2003.

Decided June 12, 2003.

Before HUG, GIBSON,* and FISHER, Circuit Judges.

## MEMORANDUM**

Judith Papenburg sought judicial review of the Commissioner of Social Security's

---

\* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

decision denying her disability insurance benefits and supplemental security income from 1993 to September 8, 1997. The district court entered judgment for the Commissioner, but we reverse and remand with instructions to take into account Papenburg's headaches in evaluating whether her impairments equal the listings and in assessing her residual functional capacity.

We review the district court's decision de novo. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). We review the Commissioner's decision for legal error and to determine whether the Commissioner's findings of fact are supported by substantial evidence in the record as a whole, weighing evidence which detracts from the finding, as well as that which supports it. *Id.* at 1097–98.

At step three of the familiar five-step sequence for evaluating disability claims, 20 C.F.R. §§ 404.1520, 416.920 (2001), the ALJ must determine whether the claimant's impairments, in combination, meet or equal in severity the impairments listed at 20 C.F.R., Pt. 404, Supbt. P, App. 1; *Lester v. Chater,* 81 F.3d 821, 828–29 (9th Cir.1995)(as amended). The ALJ's discussion at step three includes no consideration of Papenburg's headaches, though the medical record is replete with references to such headaches and to the underlying chronic sinusitis. Papenburg testified about the headaches at the hearing before the first ALJ.

■ The Commissioner contended at oral argument that the ALJ failed to take the headaches into account in assessing the severity of Papenburg's impairments because he found Papenburg's complaints less than credible. The ALJ did not specifically address Papenburg's complaints about headaches, but discounted generally her "allegations of excess pain." His discussion appears to have focused on her complaints of back pain. Where, as here,

there is no evidence of malingering, in order to reject the complainant's testimony about pain the Commissioner must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Lester,* 81 F.3d at 834. Because the ALJ failed to discuss the significant evidence of headaches, the Commissioner's decision does not meet this standard. Consequently, the case should be remanded to the Commissioner for reevaluation of the severity of Papenburg's impairments in light of the evidence of severe headaches. *See id.*

■ The ALJ also failed to take the headaches into account at steps four and five, in assessing Papenburg's residual functional capacity and in eliciting evidence from the vocational expert of Papenburg's ability to perform jobs. In order for the vocational expert's opinion to constitute "substantial evidence" supporting a finding of the claimant's ability to perform work, a hypothetical question posed to the expert must include all the claimant's limitations and restrictions, unless the ALJ has validly rejected a restriction. *Embrey v. Bowen,* 849 F.2d 418, 422–23 (9th Cir. 1988). Because the hypothetical question posed to the expert in this case did not mention Papenburg's headaches, it did not meet the standard and cannot be substantial evidence to support the conclusion that she could work.

We have considered Papenburg's remaining claims of error and find them to be without merit.

Accordingly, we remand to the district court with instructions to remand to the Commissioner for evaluation of Papenburg's claims in light of her complaints of severe headache pain.

REVERSED and REMANDED.